# In the United States Court of Federal Claims

No. 18-1830C

(Filed: May 15, 2019)

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
PATRICIA GAVIN,                           *
                                          *
                        Plaintiff,        *
                                          *
v.                                        *
                                          *
THE UNITED STATES,                        *
                                          *
                        Defendant.        *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

ORDER

WHEELER, Judge.

*Pro se* plaintiff Patricia Gavin claims that the United States owes her compensation for the wrongful death of her former husband while he was on active duty in the military because her signature was forged on a Waiver of Survivor Benefits. Compl. ¶ 1. Ms. Gavin alleges that this forgery deprived her of various benefits otherwise due to her and her two children. Id.

Background

Ms. Gavin is a resident of the District of Columbia and former spouse of now-deceased Lt. Colonel Christopher Edward Gavin of the United States Air Force. Compl. Intro., ¶ 1. Lt. Col. and Ms. Gavin divorced in 2003, but Ms. Gavin claims that the divorce was "fraudulent" because of conflicts among counsel and undisclosed marital assets. Id. ¶ 4. Ms. Gavin further claims that her signature was forged in a Waiver of Survivor Benefits around June or July 2009. Id. ¶ 1. Lt. Col. Gavin passed away on March 22, 2012, while on active duty. Compl. Intro. Ms. Gavin alleges that the Air Force Board for Correction of Military Records erroneously changed Lt. Col. Gavin's records, which deprived her of various benefits related to Lt. Col. Gavin's death. Id. at ¶ 3.

Ms. Gavin filed her Complaint on November 19, 2018. Dkt. No. 1. On December 3, 2018, the Court granted Ms. Gavin's motion to proceed *in forma pauperis*. Dkt. No. 5. On January 24, 2019, Ms. Gavin filed a motion for appointment of counsel, and on March 7, 2019, she filed a motion for a subpoena of her former husband's death certificate. Dkt. Nos. 9, 14. Both motions remain pending.

On February 4, 2019, the Government filed a motion to dismiss. Dkt. No. 12. The Government argues that the Court of Federal Claims lacks jurisdiction because, among other reasons, (1) Ms. Gavin's Complaint sounds in tort, apparently under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674; (2) Ms. Gavin did not pursue an administrative FTCA claim before filing her Complaint; and (3) Ms. Gavin's claim expired in March 2014, based on the FTCA's two-year statute of limitations. Gov. Mot. to Dismiss at 2-3.

## Analysis

The Tucker Act excludes tort claims, including claims under the FTCA, from the Court of Federal Claims' subject matter jurisdiction. See Rick's Mushroom Srv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (citing 28 U.S.C. § 1491(a)(1)). In any case, FTCA plaintiffs must exhaust administrative remedies before bringing suit in federal court, and FTCA claims are subject to a two-year statute of limitations. 28 U.S.C. §§ 2401, 2675.

Ms. Gavin's claims, which are apparently based on an alleged wrongful death and the forged signature on a Survivor Benefit Waiver, sound in tort. Therefore, this Court does not have jurisdiction to hear these claims. Moreover, assuming her claims arise under the FTCA, Ms. Gavin did not present her claims before the United States Air Force first, as required by the FTCA's administrative exhaustion provision. And, because Lt. Col. Gavin died in March 2012, the FTCA's two-year statute of limitations expired in March 2014. For these reasons, this Court lacks jurisdiction to adjudicate Ms. Gavin's claims.

## Conclusion

Accordingly, the Government's motion to dismiss is GRANTED. Plaintiff's pending motions to appoint counsel and for a subpoena of her former husband's death certificate are DENIED as moot.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge